```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 23, 2010
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALVIN KNOWLES,                                              08 Civ. 4741 (PAC)

                Plaintiff,                                ORDER

    - against -

GLEN JOHNSON, et al.,

                Defendants.
------------------------------------------------------------X

      Plaintiff Alvin Knowles ("Knowles") brings this action under 42 U.S.C. §§ 1983 and 1988 against the State of New York ("NYS"); the New York State Division of Parole ("NYSDOP"); the New York State Department of Correctional Services ("DOCS"); as well as five individually-named officers and agents of NYS, NYSDOP, and DOCS, and John/Jane Does 1-50, individually and in their capacities as agents of the Individual Defendants (collectively, the "Defendants").[1]  Knowles seeks $960 million in compensatory and punitive damages.[2]

---

[1] John/Jane Does 1-50 were responsible for implementing, enforcing, perpetuating, and allowing administratively-imposed PRS at all relevant times.  The Individual Defendants include: Parole Officer Glen Johnson ("Johnson"), individually and in his capacity as a person employed by NYSDOP.  Johnson served as parole officer at all relevant times; the following DOCS officials who were responsible for the policy, practice, supervision, implementation, and conduct of all DOCS matters, including DOC's decisions to administratively-impose post-release supervision: Brian Fischer ("Fischer"), individually and in his capacity as Commissioner of DOCS. Fischer was appointed Commissioner of DOCS on January 1, 2007; Anthony J. Annucci ("Annucci"), individually and in his capacity as Deputy Commissioner and Counsel for DOCS; Lucien J. LeClaire, Jr. ("LeClaire"), individually and in his capacity as former Acting Commissioner of DOCS, a position he held from August 30, 2006 through December 31, 2006; and Glenn S. Goord ("Goord"), individually and in his capacity as former Commissioner of DOCS, a position he held from 1996 through August 30, 2006 (Fischer, Annucci, LeClaire, and Goord collectively, the "DOCS Defendants").

[2] Both in his Opposition Brief (page 5) and at oral argument (held January 28, 2010) Knowles conceded that he cannot sue New York State and its agents and officers in their official capacities under 42 U.S.C. § 1983 because these entities and people are not "persons" under the statute. 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).  Additionally, the Eleventh Amendment immunizes Parole, DOCS, and New York State from liability in this action. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55 (1996) and Close v. State of New York, 125 F.3d 31, 39 (2d Cir. 1997).  The Eleventh Amendment also bars suits against state officials acting, as here, in their official capacities where the state is the real party in interest. Farid v. Smith, 850 F.2d 917, 921 (2d Cir. 1988).  Accordingly, the Court dismisses the Complaint regarding New York State and its agents and officers in their official capacities.

On March 5, 2009, the Defendants moved to dismiss the second amended complaint under Fed. R. Civ. P. 12(b)(6).  The Court grants Defendants' motion in part and stays the action pending resolution of controlling issues of law by the Second Circuit Court of Appeals.

On August, 11, 1999, New York Supreme Court Judge Hebert Altman imposed a determinate sentence of seven years on Knowles for attempted arson in the second degree.  Under New York law, this is a violent felony.  New York's Sentencing Reform Act of 1998 ("Jenna's Law") abolished indeterminate sentences for violent felonies, imposed definite terms of incarceration, and mandated Post-Release Supervision ("PRS"). N.Y. Penal Law § 70.02; § 70.45.  Judge Altman did not impose a period of PRS.  When Knowles was released from prison on June 3, 2005, however, DOCS, as was customary, administratively-imposed a five-year period of PRS, and New York State courts sanctioned this process.

On September 19, 2006, Knowles was arrested pursuant to violations of his PRS conditions, for which, on October 30, 2006, he was sentenced to a twelve month period of confinement in a New York correctional institution.  On February 28, 2007, Knowles petitioned the Dutchess County Supreme Court for a Writ of Habeas Corpus (the "Habeas Petition"), alleging that the parole violation warrant was unconstitutional because Knowles' PRS was not judicially-imposed.  On May 16, 2007, Judge Thomas J. Dolan of the Dutchess County Supreme Court granted Knowles' Habeas Petition, voiding Knowles' administratively-imposed PRS and ordering Knowles' immediate release.  On May 30, 2007, Knowles was released from custody of parole, DOCS, and the State of New York, after spending over eight months in prison.

On May 21, 2008, Knowles filed his original complaint in this action, bringing causes of action for: (i) constitutional violations of depravation of liberty without due process under theories of: false arrest, false imprisonment, and malicious prosecution, and (ii) common law claims of: false arrest;

false imprisonment; malicious prosecution; intentional infliction of emotional distress; negligent hiring, retention, and supervision; and negligence.

Knowles bases his § 1983 and state claims on: (i) a five-year sentence of "PRS" starting on June 3, 2005, and (ii) an eight-month plus prison sentence spanning from September 19, 2006 through May 30, 2007.  Specifically, Knowles alleges that he is entitled to civil damages because: (i) DOCS, acting without a judicial pronouncement, unconstitutionally and tortiously imposed his PRS sentence, and (ii) his subsequent arrest and incarceration for non-compliance with PRS conditions was unconstitutional and tortious because his underlying PRS sentence was unconstitutional.

Knowles is not the only person who had PRS administratively-imposed and was subsequently incarcerated for a violation thereof.  Many others are similarly situated.  New York's policy of administratively imposing PRS has occasioned a substantial amount of federal and state litigation.[3]  Following the enactment of Jenna's Law, New York State courts routinely upheld administratively-imposed PRS sentences. Scott v. Fischer, 2009 WL 928195, at *2 (S.D.N.Y. March 30, 2009).  In June 2006, however, in Earley v. Murray, the Second Circuit held that imposition of an extra-judicial PRS is unconstitutional – violative of fundamental Due Process rights – because only a judge has the power to restrict constitutionally-protected liberties through incarceration or PRS. 451 F.3d at 71.  Earley's holding conflicted with New York's time-honored sentencing practices, in which DOCS unilaterally administratively-imposed PRS in the absence of an oral pronouncement from the sentencing judge. Earley thus precipitated a flurry of litigation, culminating in opinions by the New York Court of Appeals and, ultimately, corrective state legislation.

Earley did not, however, immediately change entrenched PRS sentencing practices; many New York State courts continued to allow DOCS to impose PRS terms.  These courts understood Penal Law

---

[3] Mickens v. State of New York, 25 Misc.3d 191, 194-99 (2009) provides the most complete and current survey of the legal history of PRS sentencing in New York State.

3

§ 70.45 to apply automatically – by operation of law – to tack the mandatory PRS onto a court-imposed determinate term; indeed, both sentencing courts and appellate courts alike understood that Penal Law § 70.45 did not require any affirmative judicial act. See e.g., People v. Bell, 305 A.D.2d 694 (2d Dep't 2003). These courts held that DOCS was merely enforcing – and not imposing – sentences and thus did not offend Earley. Scott, 2009 WL 928195, at *3.

New York achieved uniformity of practice only in April 2008, when the New York Court of Appeals decided two cases: Matter of Garner v. N.Y.S. Dep't of Corr. Servs., 10 N.Y.3d 358 (2008) and People v. Sparber, 10 N.Y.3d 457 (2008)). Both Garner and Sparber require proactive judicial PRS imposition, holding that the failure of a judge to pronounce a PRS term at sentencing is constitutional procedural error. Garner, 10 N.Y.3d, at 362; Sparber, 10 N.Y.3d, at 470.

In accordance with Garner and Sparber, the New York legislature passed N.Y. Corr. Law § 601-d, creating a procedure allowing for the resentencing of improperly-sentenced defendants. See Scott, 2009 WL 928195, at *3, *6-*7 (noting, based on Earley, Garner, and N.Y. Corr. Law § 601-d, that resentencing – and not release – is the proper remedy for administratively-imposed PRS).

Earley's implications for § 1983 liability are unclear. Since Earley held that imposition of an extra-judicial PRS violates fundamental Due Process rights, administrative imposition of PRS and any consequent incarceration for PRS violations are also unconstitutional and can thus give rise to § 1983 civil liability. The doctrine of qualified immunity, however, protects government officials from civil liability for conduct that "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Several courts have held that Earley clearly established the unconstitutionality of New York's long-standing administrative PRS-imposition procedure. Rodriguez v. Fischer, et. al., 2010 WL

4

438421 (E.D.N.Y. Feb. 3, 2010), at *6; Santiago v. Fischer, 2009 WL 3852001 (E.D.N.Y. 2009), at *5; Scott, 2009 WL 928195, at *5.

This does not, however, end the qualified immunity inquiry; even if a right is clearly established, "an officer is still entitled to qualified immunity if officers of reasonable competence could disagree on the legality of the action at issue in its particular factual context." Santiago, 2009 WL 3852001, at *5. Courts are conflicted on this issue. See Rodriguez, 2010 WL 438421, at *6 (upholding qualified immunity defense of DOCS officers who incarcerated plaintiff for violations of an administratively-imposed PRS since New York courts continued to uphold the practice even after Earley was decided, allowing plaintiffs to rely on a presumptively-valid state statute ); but see Santiago, 2009 WL 3852001, at *5 (rejecting qualified immunity defense of DOCS officers, in light of Earley, where DOCS officers incarcerated plaintiff for violations of an administratively-imposed PRS). Moreover, Judge Buchwald has held that DOCS officials holding a prisoner in custody for violations of terms of an administratively-imposed PRS are immune from civil liability – despite Earley – because the proper remedy is a judicially-imposed PRS resentencing, not release from prison. Scott, 2009 WL 928195, at *7; but see Mickens, 25 Misc.3d, at 202-03 (criticizing Scott because CPLR §§380.20 and 380.40 indicate that only courts are authorized to impose PRS).

This conflicting case-law demonstrates substantial ground for a difference of opinion regarding controlling questions of law, the resolution of which would materially advance the ultimate termination of this litigation. In light of these facts and since Scott is currently before the Second Circuit Court of Appeals (1:09-cv-1451), the Court will stay proceedings in this action pending resolution of the qualified immunity issue.[4]

---

[4] At that time, the Court will also address Knowles' supplemental state law claims and, if necessary, the sufficiency of the allegations regarding the personal involvement of the Individual Defendants in depriving Knowles of his constitutional rights, another argument Defendants raise.

Notwithstanding the stay, it is appropriate to deal with several of the Defendants' arguments to dismiss. These include: (i) the statute of limitations bars the § 1983 claims; (ii) the "favorable termination doctrine" of Heck v. Humphrey bars Knowles' suit; (iii) the Court should abstain from deciding this case under the abstention doctrines of Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941), and Younger v. Harris, 401 U.S. 37 (1971); and (iv) the existence of probable cause defeats Knowles' false arrest and imprisonment and malicious prosecution claims. The motion with respect to (i), (ii), and (iii) are DENIED; but GRANTED with respect to (iv).

**i. Statute of Limitations**

The statute of limitation for § 1983 claims is three years. Owens v. Okure, 488 U.S. 235, 250-51 (1989). Accrual begins when the plaintiff "knows or has reason to know of the injury which is the basis of his action." Pearls v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002). Defendants argue that Knowles knew or had reason to know of the alleged injury starting on August 11, 1999, when Judge Altman imposed a seven-year prison sentence on Knowles. At the earliest, however, Knowles' claim began to accrue on June 3, 2005, when DOCS administratively-imposed PRS. The basis of Knowles' complaint is the unlawful PRS sentence, not the underlying criminal conviction and judicially-imposed sentence. Knowles commenced this action on May 21, 2008, within the three-year statute of limitations period. Additionally, Heck v. Humphrey, 512 U.S. 477, 489-90 (1994), tolls Knowles' § 1983 claim ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). Accordingly, Knowles' claim is not time-barred.[5]

---

[5] Intentional tort claims warrant a separate statute of limitations analysis because the statute of limitations for intentional torts in New York is one year. Santiago, 2009 WL 3852001, at *3. Knowles' state law claim for false arrest is thus time-barred because it started accruing from the time of detention pursuant to legal process (here September 19, 2006) and Knowles did not file the complaint in this action until May 21, 2008.

### ii. Heck v. Humphrey Favorable Termination Rule

In Heck, the Supreme Court announced the "favorable termination rule." 512 U.S. at 486-87. Under the favorable termination rule, a prisoner may not bring a § 1983 action for damages arising from a wrongful conviction without first proving that the conviction or sentence has been overturned. This requires district courts to consider whether a judgment in favor of a § 1983 plaintiff would imply the invalidity of a prison sentence. Id. at 487. If so, the district court must dismiss the complaint unless the plaintiff demonstrates that his sentence was already invalidated. Id.

Defendants argue that Heck's favorable termination rule bars Knowles' suit because a decision by the Court would necessarily imply that Knowles' sentence is invalid. Knowles' state-granted habeas relief, however, has already invalidated Knowles' PRS term; Judge Dolan granted Knowles' Habeas Petition, vitiating Knowles' PRS without ordering a resentencing. Accordingly, Knowles has satisfied Heck's favorable termination rule, and Knowles is entitled to pursue his § 1983 claim.

### iii. Younger and Pullman Abstention

Defendants argue that the Court should abstain from hearing this case under the Younger and Pullman abstention doctrines. Defendants' abstention argument presumes that Knowles' PRS is still pending. The PRS, however, is definitively invalid; further state proceedings are unavailable. See Scott, 2009 WL 928195, at*4. Abstention is thus unwarranted.

### iv. Probable Cause and Knowles' Claims of False Arrest and Imprisonment and Malicious Prosecution

Knowles fails to state claims for false arrest and false imprisonment. To prevail on a false imprisonment claim, Knowles must prove: (i) that the Defendants intended to confine him; (ii) that he was conscious of his confinement; (iii) that he did not consent to his confinement; and (iv) that his confinement was not otherwise privileged. Singer v. Fulton County Sherriff's Dep't, 63 F.3d 110, 118

7

(2d Cir. 1995). Probable cause is a complete defense to a § 1983 false imprisonment claim; it establishes that the confinement was "privileged." Id., at 118-19. "Probable cause exists when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Id. at 119. A DOCS-imposed PRS is insufficient to support a false imprisonment claim where the confinement was made pursuant to Penal Law § 70.45. Frederick v. State of N.Y., 2009 Slip Op. 29078, at *5 (Ct. of Claims, Jan. 23, 2009).

Defendants had probable cause in arresting Knowles for the violation of PRS. Knowles does not deny that he violated the terms of his PRS. Defendant P.O. Johnson was statutorily-authorized to arrest and detain Knowles once he had "reasonable cause" to believe that Knowles had violated his PRS conditions. N.Y. Exec. Law § 259-i(3)(a)(i). This is a privileged confinement that does not give rise to an action for false arrest and imprisonment. See e.g., Dupree v. City of New York, 418 F.Supp.2d 555, 559 (S.D.N.Y. 2006).

Following Knowles' arrest, DOCS was entitled to rely upon Knowles' facially-valid parole warrant in holding Knowles in custody. N.Y. Exec. Law § 259-i(3)(a)(i). Since Defendants had probable cause to arrest and detain Knowles, the Court dismisses Knowles' false arrest and imprisonment claims.

The same is true for Knowels' malicious prosecution claim. To prove a claim for malicious prosecution, Knowles must prove: (i) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff; (ii) the termination of the proceeding in favor of the plaintiff; (iii) the absence of probable cause for the criminal proceeding; and (iv) actual malice. Rothstein v.

8

Carriere, 373 F.3d 275, 282 (2d Cir. 2004). Because Defendants had probable cause to prosecute Knowles for the PRS violation, the Court dismisses Knowles' malicious prosecution claims.[6]

\* \* \*

Accordingly, the Court GRANTS Defendants' motion to dismiss regarding NYS, NYSDOP, and DOCS. The Court further GRANTS Defendants' motion to dismiss regarding Knowles' claims for false arrest, imprisonment, and malicious prosecution. The Court DENIES Defendants' motion with respect to the statute of limitations, the favorable termination rule of Heck v. Humphrey, and the Younger and Pullman abstention doctrine. Finally, the Court STAYS the motion regarding the remaining claims pending resolution of the qualified immunity questions by the Court of Appeals for the Second Circuit in Scott v. Fischer. The parties are directed to notify the Court of such decision.[7] The Clerk of the Court is directed to close out the pending motion in this case (Dkt # 29).

Dated: New York, New York
March 23, 2010

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

---

[6] Knowles' malicious prosecution claim suffers from additional deficiencies. Knowles, for example, fails to sufficiently plead actual malice and the claim might also fail under the favorable termination prong.
[7] Oral argument is currently scheduled for March 25, 2010.